IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ADRIAN HEAD                                                                                       PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:06cv617-HTW-LRA

LATOYA LEFLORE AND JIMMY LEWIS                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 10th day of April, 2008, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. Adrian Head [hereinafter "Plaintiff"] appeared at the hearing *pro se*, and Latoya Leflore [hereinafter "Defendant Leflore"] was represented by attorney Lee Thaggard, Meridian, Mississippi. Jimmy Lewis was also named as a defendant, but he had not been located for service of process, as he no longer is employed by the Mississippi Department of Corrections. The Court scheduled this hearing for the combined purposes of conducting a *Spears* hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. *See* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). The hearing was conducted in part to ascertain whether or not Plaintiff's claims were supported by a factual or legal basis and could form the basis of a constitutional violation.

According to Plaintiff's sworn testimony at the omnibus hearing, he was housed in the Walnut Grove Correctional Facility in August, 2006. Plaintiff contends that he was left in handcuffs overnight by Deputy Jimmy Lewis. Plaintiff had earlier refused to open his tray flap and was sprayed with mace by Deputy Lewis. Thereafter, he was treated and released at

the medical unit; he does not complain about being maced. Deputy Lewis returned Plaintiff to his cell in his handcuffs. He was about to uncuff Plaintiff and then decided that he should get his superior officer, Defendant Lt. Leflore, to uncuff Plaintiff. Lewis called Defendant Leflore but she did not answer her phone. Plaintiff knows she was still there because he had seen her minutes before en route from medical. She never called Lewis back, Lewis's shift changed, and he left work.

Plaintiff was left overnight in his handcuffs. Captain Jenkins was finally notified, and Major Collins came to Plaintiff's cell. He was taken to the medical unit and uncuffed there. Plaintiff contends that his hands went numb and he could not feel them for a couple of hours. When he went to medical, his fingers were blue. The numbness went away after an hour or so. He was not given any medications or treatment, and he was not retained in the medical unit. He suffered no problems thereafter from having been cuffed. Plaintiff does not know whether Defendant Leflore actually knew he was still cuffed when she left work that evening.

Plaintiff also contends that Defendant Leflore denied him showers for two days, on August 23 & 25, 2006. She denied him telephone privileges on one occasion. She prevented him from receiving his medication on one day; he began receiving it again the next day. Plaintiff concedes that he has suffered from no permanent injury as a result of his treatment by Defendant Leflore. Plaintiff requests damages in the amount of $1,000 per hour that he was kept in restraints, or approximately $15,000.

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or

2

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the Plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.

The undersigned has carefully considered the sworn allegations of Plaintiff, as contained in the Complaint, and as augmented at the omnibus hearing.  Plaintiff does not specifically allege how Defendants Leflore and Lewis's conduct violated his constitutional rights.  Liberally construed, however, he has alleged a claim of excessive force, or cruel and inhuman treatment, under the Eighth Amendment of the United States Constitution.  In the opinion of the undersigned, Plaintiff's claims fail to state a claim upon which relief may be granted and should be dismissed as frivolous under the controlling law.

In order to successfully prove an Eighth Amendment conditions of confinement claim, a civil rights plaintiff must allege facts which suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the prisoner's] future health."  Herman v. Holiday, 238 F.3d 660, 664 (5th Cir.2001).  This "risk must be of such a level that today's society would not tolerate it." *Id.*  In order to prevail on such a conditions of confinement claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless have shown a "deliberate indifference" to the plaintiff's "health or safety." *Id.*; *see also* Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir.1998).

"To succeed on an excessive force claim [under 42. U.S.C. § 1983], a plaintiff bears the burden of showing (1) an injury (2) which resulted directly and only from the use of force

that was excessive to the need and (3) the force used was objectively unreasonable." Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001) (internal quotation marks omitted).

Plaintiff has failed to articulate claims which meet either of the above standards. He has failed to allege that the deprivation was sufficiently serious to jeopardize his health and safety. He has also failed to allege that he was actually injured by being cuffed for that period. He has not alleged that either of the named Defendants were even aware that he had been left overnight with cuffs or that either of them intended to harm or punish him. His claims rise to a theory of negligence only.

Plaintiff's testimony confirms that he was left in handcuffs overnight without a malicious intent on the part of the named defendants; he charges that Defendants were negligent for failing to be sure he was uncuffed. Plaintiff does not believe that either of the Defendants actually intended for him to remain cuffed for this long; Plaintiff surmises that both of them left work after the shift change. After the cuffs were removed, he immediately received medical attention and suffered from no permanent injury or any injury which required treatment. In this case, the deprivation is not sufficiently serious to be actionable.

Jimmy Lewis has not been served with process and cannot be located. He is the actual person who cuffed Plaintiff. According to Plaintiff, Defendant Leflore may not have even been aware that he was cuffed and left. He only knows that Lewis tried to call her to obtain permission to uncuff him, and she had been there minutes before. Defendant Leflore did not cuff him, and he does not know for certain whether she was aware of his plight. His complaints do not rise to the level of a constitutional deprivation against Defendant Leflore, and Lewis has not been served with process.

4

Plaintiff's complaints regarding his other conditions of confinement also do not rise to the level of a constitutional violation. He was denied a shower for two days; he was denied a phone call one time; he missed medication on one day; and his mail was delayed by two days. These allegations fail to state a claim upon which relief may be granted.

Since the Plaintiff has failed to present an arguable constitutional claim against Defendant Leflore, his claims are frivolous[1] and fail to state a claim on which relief may be granted. Therefore, as to him, this case is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(ii), with prejudice. The case shall be dismissed without prejudice as to Defendant Lewis. A separate Final Judgment shall be entered on this date.

SO ORDERED , this the 5th day of August, 2008.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

---

[1]"Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. See **Allison v. Kyle**, 66 F.3d 71, 73 (5th Cir. 1995).